Kami M. Hoskins (SBN: 026271)
Annelise M. Dominguez (SBN: 033299)
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone: (602) 794-2468
Facsimile: (602) 265-4716
khoskins@grsm.com
adominguez@grsm.com
*Attorneys for Defendant*
*HealthPlanOne, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peggy Quintana, an individual,<br><br>               Plaintiff,<br><br>   vs.<br><br>HealthPlanOne, LLC, a Connecticut limited liability company.<br><br>               Defendant. | Case No. 2:18-cv-02169-JZB<br><br>**ANSWER TO FIRST AMENDED COLLECTIVE ACTION COMPLAINT** |

## ANSWER

Defendant HealthPlanOne, LLC ("Defendant"), by and through its undersigned counsel, for its Answer to the *First Amended Collective Action Complaint* [Doc. No. 41] (the "Complaint") filed by Plaintiff Peggy Quintana ("Plaintiff"), admits, denies, and alleges as follows:[1]

1.     In responding to the Complaint, Defendant objects to and does not acquiesce to the Court's jurisdiction, including subject matter jurisdiction, over this matter pending the outcome of arbitration.

2.     Defendant expressly reserves and does not waive any and all of its rights and remedies under the arbitration agreement by and between Plaintiff and Defendant.

---

[1] Defendant submits its Answer pursuant to the Court's Mandatory Initial Discovery Pilot Project and General Order 17-08. Defendant does not waive its right to arbitration or acquiesce to the Court's jurisdiction pending arbitration of the parties' dispute.

3.    Defendant denies each and every allegation contained in the Complaint and each and every claim for relief thereof, which Defendant does not expressly admit or otherwise plead.

## NATURE OF PLAINTIFF'S CLAIMS

4.    Defendant denies the allegations in Paragraph 1.

5.    In response to Paragraph 2, Defendant admits it is a health insurance agency.  Defendant denies the remaining allegations in Paragraph 2.

6.    In response to Paragraph 3, Defendant admits it conducted business through contact centers in the three years preceding the date Plaintiff filed the Complaint. Defendant further admits that certain of its employees engaged in sales in those contact centers.  Defendant denies the remaining allegations in Paragraph 3.

7.    In response to Paragraph 4, Defendant admits it employed Plaintiff as a Licensed Sales Agent in Phoenix, Arizona.  Defendant denies the remaining allegations in Paragraph 4.

8.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 5 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 5.

9.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 6 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 6.

10.    Defendant denies the allegations in Paragraph 7.

11.    Defendant denies the allegations in Paragraph 8.

12.    In response to Paragraph 9, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response.  Defendant denies any remaining allegations in Paragraph 9.

13.    In response to Paragraph 10, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 10.

**JURISDICTION AND VENUE**

14.     In response to Paragraph 11, Defendant affirmatively alleges the Court lacks subject matter jurisdiction over the parties' alleged dispute during the pendency of arbitration pursuant to the arbitration agreement by and between the parties and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. (the "FAA").

15.     In response to Paragraph 12, Defendant affirmatively alleges venue in this District is improper during the pendency of arbitration pursuant to the arbitration agreement by and between the parties and the FAA.

**THE PARTIES**

16.     In response to Paragraph 13, Defendant admits it employed Plaintiff as a non-exempt sales agent in Phoenix, Arizona from approximately June 13, 2016 through approximately August 15, 2016.   In further response to Paragraph 13, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 13 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 13.

17.     In response to Paragraph 14, Defendant admits it is a Connecticut limited liability company with headquarters located at 35 Nutmeg Drive, Suite 220, Trumbull, CT 06611, and its statutory agent in Arizona is Business Filings Incorporated located at 3800 N. Central Ave., Ste. 460, Phoenix, AZ 85012.  Defendant denies the remaining allegations in Paragraph 14.

18.     In response to Paragraph 15, Defendant admits it is a health insurance agency that uses proprietary technology to sell insurance products.  Defendant denies the remaining allegations in Paragraph 15.

19.     In response to Paragraph 16, Defendant admits it conducted business in Arizona, Florida, Connecticut, and Massachusetts during the three years preceding the date Plaintiff filed the Complaint.   Defendant denies the remaining allegations in Paragraph 16.

20.     In response to Paragraph 17, Defendant admits that certain of its employees in Arizona, Florida, Connecticut, and Massachusetts engaged in sales.  Defendant denies the remaining allegations in Paragraph 17.

21.     In response to Paragraph 18, Defendant admits it employed Plaintiff as an employee.  In further response to Paragraph 18, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 18.

22.     In response to Paragraph 19, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 19.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 20 and therefore denies them. Defendant denies any remaining allegations in Paragraph 20.

24.     In response to Paragraph 21, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 21.

25.     In response to Paragraph 22, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 22.

26.     In response to Paragraph 23, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 23.

## FACTUAL ALLEGATIONS

27.     Defendant denies the allegations in Paragraph "A" on p. 5.

28.     In response to Paragraph 24, Defendant admits it conducted business through contact centers in Arizona, Florida, Connecticut, and Massachusetts. Defendant further admits that certain of its employees engaged in sales in those contact centers. Defendant denies the remaining allegations in Paragraph 24.

29.     Defendant denies the allegations in Paragraph 25.

30.     Defendant denies the allegations in Paragraph 26.

31.     Defendant denies the allegations in Paragraph 27.

32.     Defendant denies the allegations in Paragraph 28.

33.     Defendant denies the allegations in Paragraph 29.

34.     Defendant denies the allegations in Paragraph 30.

35.     Defendant denies the allegations in Paragraph 31.

36.     Defendant denies the allegations in Paragraph 32.

37.     Defendant denies the allegations in Paragraph 33.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 34 and therefore denies them. Defendant denies any remaining allegations in Paragraph 34.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 35 and therefore denies them. Defendant denies any remaining allegations in Paragraph 35.

40.     In response to Paragraph 36, Defendant admits Plaintiff had a manager or supervisor during the term of her employment with Defendant.  In further response to Paragraph 36, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 36 and therefore denies them. Defendant denies any remaining allegations in Paragraph 36.

41.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 37 and therefore denies them. Defendant denies any remaining allegations in Paragraph 37.

42.     Defendant denies the allegations in Paragraph "B" on p. 7.

43.     Defendant denies the allegations in Paragraph 38.

44.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 39 and therefore denies them. Defendant denies any remaining allegations in Paragraph 39.

45.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 40 and therefore denies them. Defendant denies any remaining allegations in Paragraph 40.

46.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 41 and therefore denies them. Defendant denies any remaining allegations in Paragraph 41.

47.     In response to Paragraph 42, Defendant admits it has electronic data related to Plaintiff's use of Defendant's electronic systems.   Defendant denies the remaining allegations in Paragraph 42.

48.     Defendant denies the allegations in Paragraph 43.

49.     Defendant denies the allegations in Paragraph 44.

50.     Defendant denies the allegations in Paragraph 45.

51.     Defendant denies the allegations in Paragraph 46.

52.     Defendant denies the allegations in Paragraph "C" on p. 9.

53.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 47 and therefore denies them. Defendant denies any remaining allegations in Paragraph 47.

54.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 48 and therefore denies them. Defendant denies any remaining allegations in Paragraph 48.

55.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 49 and therefore denies them. Defendant denies any remaining allegations in Paragraph 49.

56.     Defendant denies the allegations in Paragraph 50.

57.     Defendant denies the allegations in Paragraph 51.

58.     Defendant denies the allegations in Paragraph 52.

59.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 53 and therefore denies them. Defendant denies any remaining allegations in Paragraph 53.

60.     Defendant denies the allegations in Paragraph 54.

61.     Defendant denies the allegations in Paragraph 55.

62.     Defendant denies the allegations in Paragraph 56.

63.     Defendant denies the allegations in Paragraph 57.

64.     In response to Paragraph 58, Defendant admits Plaintiff received and executed the Employee Proprietary Information and Inventions Agreement for Agents on or about June 10, 2016.  Defendant denies the remaining allegations in Paragraph 58.

65.     In response to Paragraph 59, Defendant admits the document attached as Exhibit 2 to the Complaint is an unsigned copy of the Employee Proprietary Information and Inventions Agreement for Agents.  Defendant denies the remaining allegations in Paragraph 59.

66.     Defendant denies the allegations in Paragraph 60.

67.     In response to Paragraph 61, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 61.

68.     In response to Paragraph 62, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 62.

69.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 63 and therefore denies them. Defendant denies any remaining allegations in Paragraph 63.

70.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 64 and therefore denies them. Defendant denies any remaining allegations in Paragraph 64.

71.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 65 and therefore denies them. Defendant denies any remaining allegations in Paragraph 65.

72.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 66 and therefore denies them. Defendant denies any remaining allegations in Paragraph 66.

73.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 67 and therefore denies them. Defendant denies the remaining allegations in Paragraph 67.

**COLLECTIVE ACTION ALLEGATIONS**

74.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 68 and therefore denies them. Defendant denies any remaining allegations in Paragraph 68.

75.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 69 and therefore denies them. Defendant denies any remaining allegations in Paragraph 69.

76.     Defendant denies the allegations in Paragraph 70.

77.     Defendant denies the allegations in Paragraph 71.

78.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 72 and therefore denies them. Defendant denies any remaining allegations in Paragraph 72.

79.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 73 and therefore denies them. Defendant denies any remaining allegations in Paragraph 73.

80.     In response to Paragraph 74, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response.  In further response to Paragraph 74, Defendant lacks knowledge or information sufficient to

form a belief about the truth or falsity of the allegations in Paragraph 74 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 74.

81.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 75 and therefore denies them. Defendant denies any remaining allegations in Paragraph 75.

82.    Defendant denies the allegations in Paragraph 76.

83.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 77 and therefore denies them. Defendant denies any remaining allegations in Paragraph 77.

84.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 78 and therefore denies them. Defendant denies any remaining allegations in Paragraph 78.

85.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 79 and therefore denies them. Defendant denies any remaining allegations in Paragraph 79.

86.    Defendant denies the allegations in Paragraph 80.

87.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 81 and therefore denies them. Defendant denies any remaining allegations in Paragraph 81.

88.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 82 and therefore denies them. Defendant denies any remaining allegations in Paragraph 82.

89.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 83 and therefore denies them. Defendant denies any remaining allegations in Paragraph 83.

90.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 84 and therefore denies them. Defendant denies any remaining allegations in Paragraph 84.

91.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 85 and therefore denies them. Defendant denies any remaining allegations in Paragraph 85.

92.     Defendant denies the allegations in Paragraph 86.

93.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 87 and therefore denies them. Defendant denies any remaining allegations in Paragraph 87.

94.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 88 and therefore denies them. Defendant denies any remaining allegations in Paragraph 88.

95.     In response to Paragraph 89, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response.  In further response to Paragraph 89, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 89 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 89.

96.     In response to Paragraph 90, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response.  In further response to Paragraph 90, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 90 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 90.

## COUNT I – FLSA

97.     In response to Paragraph 91, Defendant incorporates herein its responses to Paragraphs 1 through 90 above.

98.     In response to Paragraph 92, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response.  In further response to Paragraph 92, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 92 and therefore denies them.  Defendant denies any remaining allegations in Paragraph 92.

99.     In response to Paragraph 93, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 93.

100.     In response to Paragraph 94, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. Defendant denies any remaining allegations in Paragraph 94.

101.     In response to Paragraph 95, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis, which do not require a response. In further response to Paragraph 95, Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 95 and therefore denies them. Defendant denies any remaining allegations in Paragraph 95.

102.     Defendant denies the allegations in Paragraph 96.

103.     Defendant denies the allegations in Paragraph 97, including sub-paragraphs (a) through (c).

104.     Defendant denies the allegations in Paragraph 98.

## DAMAGES SOUGHT

105.     Defendant denies the allegations in Paragraph 99.

106.     Defendant denies the allegations in Paragraph 100.

107.     Defendant denies the allegations in Paragraph 101.

108.     Defendant affirmatively alleges Plaintiff has not stated a claim under Count One and is not entitled to the relief she seeks, including collective action.

109.     Defendant denies Plaintiff is entitled to a jury trial.

## AFFIRMATIVE DEFENSES

110.     Plaintiff's alleged claims are subject to mandatory arbitration pursuant to the arbitration agreement by and between the parties and pursuant to the FAA.

111.     The Court lacks subject matter jurisdiction over the dispute pending the outcome of arbitration.

112.    The Complaint fails to state a claim upon which relief can be granted, including a claim for collective relief.

113.    Plaintiff cannot state a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") on her own behalf or on behalf of any other individual because Defendant compensated Plaintiff and all employees for all wages due and owing to the employee.

114.    Plaintiff cannot state a claim under the FLSA because Defendant had insufficient knowledge Plaintiff worked overtime hours for which she was not compensated due to Plaintiff's own acts and omissions.

115.    Plaintiff cannot state a claim under the FLSA because Plaintiff failed to follow Defendant's policies and procedures for recording her worked hours and for working overtime.

116.    Plaintiff is not entitled to liquidated damages under the FLSA because Defendant acted in good faith and had reasonable grounds to believe its actions and omissions did not violate the FLSA.

117.    Plaintiff cannot establish the right to collective action because she has failed to show she is similarly situated to any putative collective member.

118.    To the extent Plaintiff can prove damages, she has failed to mitigate her damages.

119.    Plaintiff's alleged claims for damages are barred by the applicable statutes of limitations.

120.    Plaintiff's claims are barred, in whole or in part, by waiver.

121.    Plaintiff's claims are barred, in whole or in part, by unclean hands.

122.    Plaintiff's claims are barred, in whole or in part, by laches.

123.    Plaintiff's claims are barred, in whole or in part, by estoppel.

124.    Defendants assert all other affirmative defenses, which may become applicable after discovery and disclosure in this matter, including without limitation, those set forth under FED. R. CIV. P. 8(c).

1   WHEREFORE, having fully answered Plaintiff's Complaint, Defendant requests

2   the Court dismiss Plaintiff's alleged claim with prejudice.

3   RESPECTFULLY SUBMITTED this 16th day of January, 2019.

4                                        GORDON REES SCULLY
                                         MANSUKHANI, LLP
5

6

7                                        By:  /s/ Kami M. Hoskins
                                         Kami M. Hoskins
8                                        Annelise Dominguez
                                         *Attorneys for Defendant*
9                                        *HealthPlanOne, LLC*

10                          **CERTIFICATE OF SERVICE**

11

12          I hereby certify that on January 16, 2019, I electronically transmitted the foregoing
     document to the Clerk's Office using the CM/ECF System for filing and transmittal of a
13   Notice of Electronic Filing to the following CM/ECF registrants:

14   James X. Bormes, Esq.
     Catherine P. Sons, Esq.
15   LAW OFFICE OF JAMES X. BORMES, P.C.
     8 S. Michigan Ave., Ste. 2600
16   Chicago, IL 60603
     jxbormes@bormeslaw.com
17   cpsons@bormeslaw.com

18   Thomas R. Ryan, Esq.
     LAW OFFICE OF THOMAS M. RYAN, P.C.
19   35 E. Wacker Drive., Ste. 650
     Chicago, IL 60601
20   tom@tomryanlaw.com

21   Michelle R. Matheson, Esq.
     MATHESON & MATHESON, P.L.C.
22   15300 N. 90th St., Ste. 550
     Scottsdale, AZ 85260
23   mmatheson@mathesonlegal.com
     *Attorneys for Plaintiff*

24

25   /s/ Kimberley Davison

26

27

28

1165010/42556544v.1

-13-